# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHRIS K. RITZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 14-0649-CV-W-DGK-P |
| ) | |
| DOUGLAS J. PRUDDEN, et al., ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Chris Ritz, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 09, 2014, seeking to challenge the validity of his parole revocation hearing and the loss of his conditional release date. In March 2000, Petitioner pleaded guilty to first-degree statutory sodomy and first-degree attempted statutory sodomy, for which he is currently serving concurrent terms of fifteen years and seven years. (Doc. No. 1 p. 1).

Petitioner raises two Grounds for relief: (1) that he was denied a preliminary parole revocation hearing in violation of his constitutional right to due process; and (2) that respondents, "through their policies, took [his] statutorily mandated conditional release date." (Doc. No. 1, p. 6). Respondent has filed a response, which incorporates a request for dismissal of the petition as time barred. (Doc. No. 7). Petitioner has filed a reply thereto. (Doc. No. 9).

## STATUTE OF LIMITATIONS

A one year limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, because petitioner is challenging the revocation of his parole and not his convictions or sentences, the statute of limitations period began to run from "the date

on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(a)(D).

The record reflects that the date of the Probation and Parole Board's decision revoking petitioner's parole was February 29, 2012. (Doc. No. 7, Respondent's Ex. F). 328 days elapsed between the date of the Board's decision on February 29, 2012, and January 22, 2013, the date that petitioner filed his first state habeas corpus petition. (Doc. No. 7, p. 8). The statute of limitation then was tolled until the Circuit Court of St. Francois County entered its judgment denying petitioner's habeas petition, on July 9, 2013. (Doc. No. 7, Respondent's Ex. K).

Petitioner then filed a second habeas corpus petition in the Missouri Court of Appeals on July 26, 2013, and because the interim period was not tolled, 17 additional days elapsed. (Doc. No. 7, Respondent's Ex. L). The statute of limitations then was tolled from July 26, 2013, until the state appellate court entered its order denying the petition on July 29, 2013. (Doc. No. 7, Respondent's Ex. M).

Thereafter, 24 days elapsed until petitioner filed his third habeas corpus petition in the Missouri Supreme Court, on August 19, 2013. (Doc. No. 7, Respondent's Ex. N). The statute of limitations then was tolled until the Missouri Supreme Court denied his petition on October 1, 2013. (Doc. No. 7, Respondent's Ex. O).

On March 28, 2014, petitioner filed a fourth state habeas corpus petition in Circuit Court of Moniteau County, 221 un-tolled days after the Missouri Supreme Court's decision. (Doc. No. 7, Respondent's Ex. P). The statute of limitations then was tolled until April 17, 2014, when the Circuit Court of Moniteau County entered its order denying his petition. (Doc. No. 7, Respondent's Ex. Q).

Thereafter, 22 days elapsed until petitioner filed his fifth state habeas corpus petition in

the Missouri Court of Appeals, on May 9, 2014. (Doc. No. 7, Respondent's Ex. T). The statute of limitations then was tolled until June 11, 2014, when the appellate court entered its order denying his petition.

Finally, 28 additional days elapsed until July 9, 2014, when petitioner filed this Section 2254 federal habeas corpus petition.

As reflected herein, even giving petitioner credit for the periods during which the federal statute of limitations was tolled, a total of 630 un-tolled days elapsed between the February 29, 2012, when petitioner's parole was revoked, and July 9, 2014, when the instant action was filed. In his reply, petitioner argues that "respondent's [sic] waived their argument that petitioner's claims are un-timely, because they did not raise that argument in the lower court's [sic]." However, respondents were not required to raise the statute of limitations as an affirmative defense until such time as petitioner filed this action, and they were under no obligation to give petitioner notice of the federal limitations period in his state court cases. Petitioner filed his Section 2254 habeas corpus petition well beyond the expiration of the one-year statute of limitations period, and consequently, this case must be dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied; the

issuance of a certificate of appealability is denied; and this case is dismissed with prejudice.

                    /s/ Greg Kays
                    GREG KAYS
                    CHIEF UNITED STATE DISTRICT JUDGE

Kansas City, Missouri,

Dated: March 6, 2015.